IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division



OLIVIA A.,

    Plaintiff,

v.                                  CIVIL ACTION NO. 4:21-cv-161

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

    Defendant.

### *MEMORANDUM OPINION AND ORDER*

This matter comes before the Court on Olivia A.'s [1] ("Plaintiff") Objection to the Report and Recommendation ("R & R") of the Magistrate Judge ("Objection") dated August 23, 2022. Pl.'s Obj. R & R, ECF No. 21 ("Pl.'s Obj."). For the reasons set forth below, the Court will overrule Plaintiff's Objection and the Magistrate Judge's Report and Recommendation is **ADOPTED**. Accordingly, Plaintiff's motion for summary judgment, ECF No. 11, is **DENIED**, Defendant's motion for summary judgment is **GRANTED**, ECF No. 14, and the decision of the Acting Commissioner ("Defendant") is **AFFIRMED**.

### I. FACTUAL AND PROCEDURAL HISTORY

The facts and administrative procedural background are adopted as set forth in the Magistrate Judge's Report and Recommendation and the Administrative Record. *See* R. & R. Aug. 23, 2022, ECF No. 20 ("R & R"); Administrative Record, ECF No. 9 ("R"). This case involves Plaintiff's claims for disability benefits ("DIB") under the Social Security Act. *See* R. On

---

[1] In accordance with a committee recommendation of the Judicial Conference, plaintiff's last name has been redacted for privacy reasons. Comm. On Ct. Admin. & Case Mgmt. Jud. Conf. U.S., Privacy Concern Regarding Social Security and Immigration Opinions 3 (2018).

1

September 22, 2021, an Administrative Law Judge ("ALJ") issued a written opinion finding that Plaintiff did not qualify for disability benefits. R. 12. The ALJ followed the sequential five-step analysis outlined in 20 C.F.R. § 404.1520(a) to evaluate Plaintiff's disability claim. *Id.* At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity as of December 31, 2018, the alleged onset date. *Id.* at 17. At step two, the ALJ found that Plaintiff disorders of the cervical spine, disorders of the right shoulder, osteoarthrosis and allied disorders, and obesity constituted sever impairments. *Id.* at 18. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meet or medically equaled the severity of the listed impairments in the applicable regulation. *Id.* at 20-21. At step four, the ALJ proceeded to determine Plaintiff's residential functional capacity ("RFC"), concluding that Plaintiff was able to perform certain light work outside of noisy working environments. *Id.* at 21-25. The ALJ found that Plaintiff could perform past relevant work ("PRW") as a chief information systems officer. *Id.* at 26. The ALJ acknowledged that while Plaintiff only worked a civilian job in this capacity for three months, "since she performed this same work in the military, she already possessed the requisite skills required for her to perform the job at the required" specific vocational preparation ("SVP") level. *Id.* Ultimately, the ALJ found that the Plaintiff had not been under a disability from December 31, 2018 though the date of the decision. *Id.* at 27

On March 31, 2023, Plaintiff brought this action under 42 U.S.C. § 405(g) seeking judicial review of the decision of the Commissioner of Social Security. Pl.'s Mot. Summ. J., ECF No. 11. By order filed on May 27, 2022, this action was referred to United States Magistrate Judge Douglas E. Miller ("Judge Miller") to conduct hearings and submit proposed findings of fact and, if

applicable, recommendations for the disposition of this matter.[2] On August 23, 2022, Judge Miller filed his R & R, recommending that Plaintiff's Motion for Summary Judgment be denied, Commissioner's Cross Motion for Summary Judgment be granted, and the decision of the ALJ be affirmed. R & R.

On September 23, 2022, Plaintiff filed an objection to the R & R, claiming that Judge Miller erred in his review of Plaintiff's PRW qualifying for an SVP 8 job and further erred by determining that Plaintiff's education level applies to Plaintiff's PRW despite the ALJ not considering it. *See* Pl.'s Obj. On September 20, 2022, the Commissioner filed a Response to Plaintiff's Objection. Def.'s Response to Pl.'s Obj. R & R, ECF No. 22. Accordingly, this matter is now ripe for disposition by the Court.

## II. LEGAL STANDARD

Under Rule 72(b)(3) of the Federal Rules of Civil Procedure, a district judge is required to "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Where de novo review is appropriate, a district court judge must give "fresh consideration" to the relevant portions of the Magistrate Judge's report and recommendation. *United States v. Raddatz,* 447 U.S. 667, 675 (1980). In other words, the magistrate judge's report and recommendation carries no presumptive weight, and the district court may "accept, reject, or modify the recommended decision; receive further evidence; or recommit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see Halloway v. Bashara,* 176 F.R.D. 207, 209-10 (E.D. Va. 1997).

---

[2] Under 28 U.S.C. § 636(b)(1)(B), "a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition . . ."

3

A court reviewing a decision made under the Social Security Act must determine whether the factual findings are supported by substantial evidence and were reached through application of the correct legal standard. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.* (citations omitted). In reviewing for substantial evidence, the court does not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Id.* The Commissioner's findings as to any fact, if supported by substantial evidence, are conclusive and must be affirmed. *See Richardson v. Perales*, 402 U.S. 389, 390 (1971).

However, "a mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review" and the Court need only review the R & R for "clear error." *Lee v. Saul*, No. 2:18cv214, 2019 WL 3557876, at *1 (E.D. Va. Aug. 5, 2019) (citations omitted); *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015) (internal citations omitted).

### III. DISCUSSION

Plaintiff objects to the Judge Miller's finding that "an SVP 8 job performed for only three months is PRW." Pl.'s Objs. at 1. Plaintiff further argues that the Judge Miller's "ruling that Plaintiff's education level applies to Plaintiff's PRW despite the ALJ not considering it is legally erroneous as it is a post [hoc] rationalization." *See id.* at 2.

First, Plaintiff argues that the Magistrate Judge erroneously characterized the duration needed for a job to be considered a PRW as a guideline when it is a legal requirement. *Id.* at 1. Defendant argues that Magistrate Judge Miller correctly determined that the ALJ's evaluation of

4

Plaintiff's past military work experience, coupled with her civilian work experience established that Plaintiff possessed the requisite skills to perform her past job at the required SVP level. Def.'s Response to Pl.'s Obj. R & R. Defendant argues that this was supported by substantial evidence. *Id*. Defendant also argues that Plaintiff simply restates her summary judgment argument with the instant Objection. *Id*.

To the extent that Plaintiff merely restates her summary judgment arguments, Plaintiff's Objection will only be reviewed for clear error. *Nichols v. Comm'r of Soc. Sec.*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015). In her summary judgment motion Plaintiff argues that "an SVP 8 job performed for less than three months cannot, as a matter of law, be classified as PRW." Pl.'s Mot. Summ. J. at 8. In her instant objection to the R&R, Plaintiff argues that it was legally erroneous for the Magistrate Judge to find that "an SVP 8 job performed for only three months is PRW." Pl.'s Objs. at 1. Although the wording slightly differs, the substance of Plaintiff's objection clearly repackages her summary judgment argument. Plaintiff attempts to distinguish the objection from her summary judgment argument as Plaintiff adds that the "legal requirement is not in dispute by the parties." Pl.'s Obj. at 1. However, this is still a restatement of her summary judgment argument. *United States v. Midgette*, 478 F.3d 616 (4th Cir. 2007) (explaining that a mere restatement of the arguments raised in the summary judgment filings does not constitute an "objection" for the purposes of district court review); *see also Nichols*, 100 F. Supp. 3d at 497. The Court concludes that Plaintiff's objection to the R & R appears to rehash her summary judgment argument. The Court rejects such rehashing.

Yet, even if Plaintiff had raised a proper objection, the Court would nonetheless find that Judge Miller thoroughly considered Plaintiff's arguments and properly rejected them. Even though Plaintiff argues otherwise, to determine the adequate length of time for a claimant to learn to do a

job, the agency uses a job's SVP listing "only as a guideline" that "may not accurately reflect the requirements of the job as the claimant performed it." POMS DI 25005.015; *see Hamm v. Saul*, No. 3:18-CV-00313, 2019 WL 3756898, at *5 (S.D. W. Va. July 19, 2019) (citing *Schmidt v. Comm'r of Soc. Sec.*, No. 2:17-CV-333, 2018 WL 3805863 (M.D. Fla. Aug. 10, 2018)). Judge Miller fully reviewed Plaintiff's contention and concluded that "the record establishes that the ALJ appropriately considered Plaintiff's lengthy military experience in information services to identify PRW." R&R at 11. Moreover Judge Miller found that Plaintiff performed "high-level IT work in the military for at least seven years that, apart from her military duties, was comparable to that of a CISC at ADP," which was Plaintiff's civilian job. *Id.* at 12. Further, the ALJ properly used the SVP as a guideline and considered Plaintiffs IT career in the military, along with her three months working as a civilian, to find she performed the job long enough for her to learn how to perform the work. R. 26. Given that the agency uses a job's SVP listing as a guideline and not a legal requirement, the Court finds no clear error after reviewing the record in its entirety.

Second, Plaintiff argues that the Magistrate Judge's "ruling that Plaintiff's education level applies to Plaintiff's PRW despite the ALJ not considering it is legally erroneous as it is a post [hoc] rationalization." Pl.'s Obj. at 2. However, Plaintiff does not cite to the R&R to support her claim or articulate at which point the Magistrate Judge considered Plaintiff's education level in determining PRW. In fact, the R&R explicitly states that "Plaintiff correctly notes the ALJ did not explicitly mention her education level and the court cannot supply a missing legal justification." R&R at 13. There is no evidence in the R&R that Judge Miller considered Plaintiff's education level. Given Plaintiff's history of performing IT work in the military, Judge Miller properly determined that substantial evidence supported the ALJ's conclusion that Plaintiff had the knowledge to perform similar IT work as a civilian. R&R at 12-13. Substantial evidence only

requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Biestek*, 139 S. Ct. at 1154. In short, the Court finds no evidence to support Plaintiff's contention that Judge Miller committed any error. *Veney*, 539 F. Supp. 2d at 846. Thus, Plaintiff's Objection is overruled.

## IV. CONCLUSION

This Court has carefully and independently reviewed the record in this case and the objections to the R. & R. Having done so, the Court finds there is no meritorious reason to sustain Plaintiff's objection. Therefore, the Court **OVERRULES** Plaintiff's Objection, ECF No. 21, to Judge Miller's Report and Recommendation. Furthermore, the Court has reviewed the remainder of the R & R along with the record of this case and finds no clear error. For these reasons, the Court does hereby **ACCEPT** and **ADOPT** the findings and recommendations set forth in the report of the United States Magistrate Judge filed on August 23, 2022. The Final Decision of the Commissioner is **AFFIRMED**. Judgment is hereby entered in favor of the Commissioner. This case is **DISMISSED** with prejudice.

The Court **DIRECTS** the Clerk to send a copy of this Order to the parties.

**IT IS SO ORDERED.**

Newport News, Virginia
March /7 , 2023

Raymond A. Jackson
United States District Judge

7